UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MYRON REYES, | No. 2:15-cv-0322 CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 11.)

On November 6, 2015, a court order was served on plaintiff's address of record and returned by the postal service as undeliverable. It appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. Pursuant to Rule 183(b), "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court … within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." The court's order was returned as undeliverable on November 30, 2015, and Rule 183(b) required that plaintiff file a notice of current address on or

before February 1, 2016. To date, plaintiff has not filed this notice or otherwise proceeded in this action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have inherent power to control their dockets [and] . . . [i]n the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic alternatives." Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.

In the instant case, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, does not weigh for or against dismissal since no defendant has yet been served. The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a

satisfactory lesser sanction while preserving scarce court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, IT IS HEREBY ORDERED that:

1. All pending motions are vacated; and
2. This action is dismissed without prejudice for failure to prosecute and failure to comply with local rules.

Dated: March 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mb
/reye0322.33a